1  DAVID SEROR - Bar No. 67488
   REAGAN E. BOYCE - Bar No. 248064
2  BRUTZKUS GUBNER
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA 91367
   Telephone:  (818) 827-9000
4  Facsimile:  (818) 827-9099
   Email:      dseror@bg.law
5              rboyce@bg.law

6  Attorneys for Chapter 7 Trustee
   Sam S. Leslie, Chapter 7 Trustee
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11 | In re                          | Case No. 2:17-bk-13130-VZ
12 | RUBEN CASTANEDA GALLEGOS,       | Chapter 7
13 |                Debtor.          |
14 |                                 |
15 | SAM S. LESLIE, Chapter 7 Trustee, | Adv. Proceeding No. _____
16 |                Plaintiff,       |
17 | v.                              | **COMPLAINT FOR**
                                       **1) AVOIDANCE OF FRAUDULENT**
                                       **TRANSFER;**
18 | RUBEN CASTANEDA GALLEGOS, an    | **2) RECOVERY OF FRAUDULENT**
   | individual; MARK IZQUIERDO-GALLEGOS, | **TRANSFER;**
19 | an individual; and KATHRYN NICOLE | **3) TURNOVER OF ESTATE PROPERTY;**
   | IZQUIERDO-GALLEGOS, an individual, | **4) UNJUST ENRICHMENT**
20 |                                 |
21 |                Defendants.      | **(11 U.S.C. §§ 550, 548, 544, 542 and**
                                       **applicable California law)**
22 |                                 |
23

24       COMES NOW Plaintiff, Sam S. Leslie, the duly appointed and acting Chapter 7 Trustee for

25 the bankruptcy estate ("Estate") of debtor, Ruben Castaneda Gallegos, and complains of defendants,

26 Ruben Castaneda Gallegos, an individual; Mark Izquierdo-Gallegos, an individual; and Kathryn

27 Izquierdo-Gallegos, an individual, as follows:

28 / / /

1848744

1

## I. NATURE OF THIS PROCEEDING

1.    Debtor, Ruben Castaneda Gallegos ("Debtor") is an individual who filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") on March 15, 2017 ("Petition Date") commencing the bankruptcy case styled *In re Ruben Castaneda Gallegos*, bankruptcy case number 2:17-bk-13130-VZ ("Bankruptcy Case"). Within the two years prior to the Petition Date, Debtor transferred for no reciprocal value cash funds totaling $200,000.00 ("Transferred Funds") to his two children, defendants Mark Izquierdo-Gallegos ("M.Gallegos"), and Kathryn Izquierdo-Gallegos ("K.Gallegos"), each receiving $100,000.00, respectively. (*See* Exhibits 1 and 2 attached hereto, which are the true and correct copies of the checks transferring funds.) The Transferred Funds were placed into two trusts for which Debtor and his children are co-trustees, trustors and/or beneficiaries. In addition, just over two years prior to the Petition Date, Debtor transferred for no reciprocal value title to his residence located at 19607 Vega Way, Rowland Heights, CA 91748 ("Transferred Property") to M.Gallegos and K.Gallegos as co-trustees for a third trust, but Debtor remains in the home rent free. (*See* Exhibit 3 attached hereto, which is a true and correct copy of the deed transferring title.)

2.    By this adversary action ("Adversary") Trustee seeks turnover of the Transferred Funds and/or the Transferred Property from the Debtor who remains in control of both assets or in the alternative seeks to avoid the transfer of the Transferred Funds and/or Transferred Property to M.Gallegos and K.Gallegos with the Transferred Funds and/or Transferred Property to be recovered for the benefit of the Debtor's bankruptcy Estate and its creditors.

## II. JURISDICTION AND VENUE

3.    This proceeding is a civil proceeding arising in or related to the Bankruptcy Case under Title 11 of the Bankruptcy Code. This Court has jurisdiction over this Adversary pursuant to 28 U.S.C. §§ 157 and 1334. This Adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(E) and (H).

4.    This Court also has jurisdiction over this Adversary pursuant to 28 U.S.C. § 151, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, and General Order No. 13-05 of the United States District Court for the Central District of

1848744

California.

5.      Plaintiff has standing to bring this Adversary pursuant to 11 U.S.C. § 323.

6.      Venue for this Adversary properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 in that this Adversary arose in or is related to the Bankruptcy Case which is pending in this district.

**III.    THE PARTIES**

7.      Plaintiff, Sam S. Leslie, is the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff"), and brings this proceeding solely in that capacity. Because Trustee is not the Debtor, and was appointed after the Bankruptcy Case commenced, Trustee does not have personal knowledge of the facts pled herein, but rather, pleads on information and belief based upon Trustee's review of the books and records of Debtor, and his investigation into the Estate.

8.      Defendant, Mark Izquierdo-Gallegos ("M.Gallegos"), is the son of Debtor. Trustee is informed and believes and based thereon alleges that M.Gallegos resides in the city of Rowland Heights, County of Los Angeles, State of California.

9.      Defendant, Kathryn Izquierdo-Gallegos ("K.Gallegos" and together with M.Gallegos "Defendants" and each individually a "Defendant"), is the daughter of Debtor. Trustee is informed and believes and based thereon that K.Gallegos resides in the city of Rowland Heights, County of Los Angeles, State of California.

**IV.    GENERAL ALLEGATIONS**

10.     Plaintiff is informed and believes and based thereon alleges that on January 1, 2015, Debtor's wife passed away. Prior to her death Debtor and his wife, Guadalupe Izquierdo-Gallegos ("Mrs. Gallegos") jointly owned the Transferred Property as husband and wife, joint tenants. Plaintiff is informed and believes and based thereon alleges that upon Mrs. Gallegos death, title to the Transferred Property was held solely by Debtor.

11.     Plaintiff is informed and believes and based thereon alleges that on or about February 4, 2015, Debtor transferred title to the Transferred Property to the Defendants as "Trustees of the Lupe Family Trust Dated February 4, 2015," hereinafter the "Lupe Trust." (*See* Exhibit 3.)

12.     Plaintiff is informed and believes and based thereon alleges that the Defendants are

1848744

the co-trustees of the Lupe Trust and each is a trustor of the Lupe Trust.

13.    Plaintiff is informed and believes and based thereon alleges that the Lupe Trust is a revocable living trust.

14.    Plaintiff is informed and believes and based thereon alleges that upon the death of both Defendants, should Debtor remain alive, Debtor is the sole beneficiary of the Lupe Trust. Plaintiff is informed and believes and based thereon alleges that in the event Debtor pre-deceases both the Defendants, then and only then do the surviving heirs of the Defendants receive any distribution from the Lupe Trust.

15.    Plaintiff is informed and believes and based thereon alleges that at all times relevant herein the Defendants as trustees for the Lupe Trust hold the power to "sell, convey, exchange, convert, improve, repair, partition, divide, allot…" any principal or accumulated income from the trust res.

16.    Plaintiff is informed and believes and based thereon alleges that on or about August 19, 2015, Debtor and/or M.Gallegos caused the formation of a second revocable living trust known as the Mark Izquierdo Financial Trust Dated August 19, 2015 ("M.Gallegos Trust").

17.    Plaintiff is informed and believes and based thereon alleges that the M.Gallegos Trust is a revocable living trust.

18.    Plaintiff is informed and believes and based thereon alleges that M.Gallegos is the trustor of the M.Gallegos Trust and that M.Gallegos, Debtor and third party Leticia Hannant are the co-trustees of the M.Gallegos Trust.

19.    Plaintiff is informed and believes and based thereon alleges that the trustees of the M.Gallegos Trust have the power to "sell, convey, exchange, convert, improve, repair, partition, divide, allot…" the principal of the M.Gallegos Trust in their sole discretion.

20.    Plaintiff is informed and believes and based thereon alleges that K.Gallegos is the sole named beneficiary of the M.Gallegos Trust, with Debtor named as the sole beneficiary in the event that K.Gallegos pre-deceases M.Gallegos.

21.    Plaintiff is informed and believes and based thereon alleges that Debtor transferred $100,000.00 to the M.Gallegos Trust on or about September 26, 2015 by check number 184 drawn

4

1848744

upon Debtor's Bank of America account ending in -3475.

22.    Plaintiff is informed and believes and based thereon alleges that on or about August 19, 2015, Debtor and/or K.Gallegos caused the formation of a third revocable living trust known as the Kathryn Izquierdo Financial Trust Dated August 19, 2015 ("K.Gallegos Trust").

23.    Plaintiff is informed and believes and based thereon alleges that the K.Gallegos Trust is a revocable living trust.

24.    Plaintiff is informed and believes and based thereon alleges that K.Gallegos is the trustor of the K.Gallegos Trust and that K.Gallegos, Debtor and third party Leticia Hannant are the co-trustees of the K.Gallegos Trust.

25.    Plaintiff is informed and believes and based thereon alleges that the trustees of the K.Gallegos Trust have the power to "sell, convey, exchange, convert, improve, repair, partition, divide, allot…" the principal of the K.Gallegos Trust in their sole discretion.

26.    Plaintiff is informed and believes and based thereon alleges that M.Gallegos is the sole named beneficiary of the K.Gallegos Trust, with Debtor named as the sole beneficiary in the event that M.Gallegos pre-deceases M.Gallegos.

27.    Plaintiff is informed and believes and based thereon alleges that Debtor transferred $100,000.00 to the K.Gallegos Trust on or about September 26, 2015 by check number 185 drawn upon Debtor's Bank of America account ending in -3475.

**<u>FIRST CAUSE OF ACTION</u>**

**(Turnover of Estate Property as against Debtor and**

**Defendant Mark Izquierdo-Gallegos only)**

**[11 U.S.C. § 541, 542]**

28.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9 and 16 through 21 as if fully set forth herein

29.    The entirety of the Transferred Funds are property of the Debtor's Estate.

30.    On or about September 26, 2015, Debtor transferred $100,000.00 of the Transferred Funds to the M.Gallegos Trust.

31.    The $100,000.00 of the Transferred Funds being held in the M.Gallegos Trust are

under the joint control of Debtor and M.Gallegos as co-trustees to the M.Gallegos Trust.

32.     On September 7, 2017, Trustee made demand on Debtor as co-trustee of the M.Gallegos Trust to turn over a sufficient portion of the Transferred Funds to pay for the Debtor's scheduled debts and the costs of administration of the bankruptcy Estate incurred to date in the amount of $98,800.00. (*See* Exhibit 4 attached hereto, which is a true and correct copy of the demand letter sent.) As part of his demand for turnover, Trustee put Debtor on notice that if Trustee had to bring an action to compel turnover of Estate property that the costs incurred by the Trustee to administer the Estate would greatly increase.

33.     Debtor did not respond to Trustee's demand for turnover.

34.     On September 18, 2017, Trustee again made demand on Debtor as co-trustee of the M.Gallegos Trust to turn over a sufficient portion of the Transferred Funds to pay for the Debtor's scheduled debts and the costs of administration of the bankruptcy Estate incurred to date in the amount of $98,800.00. (*See* Exhibit 5 attached hereto, which is a true and correct copy of the second demand letter sent.) As part of his demand for turnover, Trustee again put Debtor on notice that if Trustee had to bring an action to compel turnover of Estate property that the costs incurred by the Trustee to administer the Estate would greatly increase.

35.     Again Debtor did not respond to Trustee's demand for turnover.

36.     Therefore, the Court should issue an order to Debtor and M.Gallegos as co-trustees of the M.Gallegos Trust to turn over to Trustee the amount of funds necessary to pay the creditors of Debtor's Estate and the costs of administration incurred to date, in the approximate amount of $98,800.00 or a sum sufficient to pay all scheduled debts and costs of administration of the Estate according to proof.

### SECOND CAUSE OF ACTION

**(Turnover of Estate Property as against Debtor and**

**Defendant Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 541, 542]**

37.     Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9 and 22 through 27 as if fully set forth herein.

1848744

38.    The entirety of the Transferred Funds are property of the Debtor's Estate.

39.    On or about September 26, 2015, Debtor transferred $100,000.00 of the Transferred Funds to K.Gallegos Trust.

40.    The $100,000.00 of the Transferred Funds being held in the K.Gallegos Trust are under the joint control of Debtor and K.Gallegos as co-trustees to the K.Gallegos Trust.

41.    On September 7, 2017, Trustee made demand on Debtor as co-trustee of the K.Gallegos Trust to turn over a sufficient portion of the Transferred Funds to pay for the Debtor's scheduled debts and the costs of administration of the bankruptcy Estate incurred to date in the amount of $98,800.00. As part of his demand for turnover, Trustee put Debtor on notice that if Trustee had to bring an action to compel turnover of Estate property that the costs incurred by the Trustee to administer the Estate would greatly increase.

42.    Debtor did not respond to Trustee's demand for turnover.

43.    On September 18, 2017, Trustee again made demand on Debtor as co-trustee of the K.Gallegos Trust to turn over a sufficient portion of the Transferred Funds to pay for the Debtor's scheduled debts and the costs of administration of the bankruptcy Estate incurred to date in the amount of $98,800.00. As part of his demand for turnover, Trustee again put Debtor on notice that if Trustee had to bring an action to compel turnover of Estate property that the costs incurred by the Trustee to administer the Estate would greatly increase.

44.    Again Debtor did not respond to Trustee's demand for turnover.

45.    Therefore, the Court should issue an order to Debtor and K.Gallegos as co-trustees of the K.Gallegos Trust to turn over to Trustee the amount of funds necessary to pay the creditors of Debtor's Estate and the costs of administration incurred to date, in the approximate amount of $98,800.00 or a sum sufficient to pay all scheduled debts and costs of administration of the Estate according to proof.

/ / /

/ / /

/ / /

/ / /

1848744

### THIRD CAUSE OF ACTION

**(Avoidance of Fraudulent Transfer – Actual Fraud**

**as Against Defendant Mark Izquierdo-Gallegos only)**

**[11 U.S.C. § 548(a)(1)(A)]**

46.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9 and 16 through 21 as if fully set forth herein.

47.    On or about September 26, 2015 Debtor transferred to M.Gallegos $100,000.00 of the Transferred Funds with the intent to hinder, delay or defraud the Debtor's creditors.

48.    Accordingly, the transfer of the $100,000.00 of the Transferred Funds to M.Gallegos is avoidable and should be avoided as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A).

### FOURTH CAUSE OF ACTION

**(Recovery of Avoided Fraudulent Transfer – Actual Fraud**

**as Against Defendant Mark Izquierdo-Gallegos only)**

**[11 U.S.C. § 550]**

49.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9, 16 through 21 and 46 through 48 as if fully set forth herein.

50.    The transfer of $100,000.00 of the Transferred Funds by Debtor to M.Gallegos was an avoidable transfer made with the intent to hinder, delay or defraud creditors of the Debtor.

51.    The Court should issue an order that the $100,000.00 of the Transferred Funds transferred to M.Gallegos be recovered by the Trustee for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550.

### FIFTH CAUSE OF ACTION

**(Avoidance of Fraudulent Transfer – Actual Fraud**

**as Against Defendant Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 548(a)(1)(A)]**

52.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9 and 22 through 27 as if fully set forth herein.

53.    On or about September 26, 2015, Debtor transferred to K.Gallegos $100,000.00 of

the Transferred Funds with the intent to hinder, delay or defraud the Debtor's creditors.

54.      Accordingly, the transfer of the $100,000.00 of the Transferred Funds to K.Gallegos is avoidable and should be avoided as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A).

## SIXTH CAUSE OF ACTION

**(Recovery of Avoided Fraudulent Transfer – Actual Fraud**

**as Against Defendant Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 550]**

55.      Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9, 22 through 27, and 52 through 54 as if fully set forth herein.

56.      The transfer of $100,000.00 of the Transferred Funds by Debtor to K.Gallegos was an avoidable transfer made with the intent to hinder, delay or defraud creditors of the Debtor.

57.      The Court should issue an order that the $100,000.00 of the Transferred Funds transferred to K.Gallegos be recovered by the Trustee for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550.

## SEVENTH CAUSE OF ACTION

**(Avoidance of Fraudulent Transfer – Constructive Fraud**

**as Against Defendant Mark Izquierdo-Gallegos only)**

**[11 U.S.C. § 548(a)(1)(B)]**

58.      Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9 and 16 through 21 as if fully set forth herein.

59.      On or about September 26, 2015, Debtor transferred to M.Gallegos $100,000.00 of the Transferred Funds for no value.

60.      As a result of the transfer of the $100,000.00 of the Transferred Funds to M.Gallegos Debtor was insolvent or became insolvent as a result of the transfer or Debtor intended to incur or believed he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

61.      Accordingly, the transfer of the $100,000.00 of the Transferred Funds to M.Gallegos is avoidable and should be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

1848744

## EIGHTH CAUSE OF ACTION

**(Recovery of Avoided Fraudulent Transfer – Constructive Fraud**

**as Against Defendant Mark Izquierdo-Gallegos only)**

**[11 U.S.C. § 550]**

62.     Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9, 16 through 21, and 58 through 61 as if fully set forth herein.

63.     The transfer of $100,000.00 of the Transferred Funds by Debtor to M.Gallegos was made without reasonably equivalent value at a time when the Debtor was either insolvent or became insolvent as a result of the transfer or at a time when Debtor intended to incur or believed he would incur debts he would be unable to pay as they matured and therefore is an avoidable transfer.

64.     The Court should issue an order that the $100,000.00 of the Transferred Funds transferred to M.Gallegos be recovered by the Trustee for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550.

## NINTH CAUSE OF ACTION

**(Avoidance of Fraudulent Transfer – Constructive Fraud**

**as Against Defendant Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 548(a)(1)(B)]**

65.     Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9 and 22 through 27 as if fully set forth herein.

66.     On or about September 26, 2015, Debtor transferred to K.Gallegos $100,000.00 of the Transferred Funds for no value.

67.     As a result of the transfer of the $100,000.00 of the Transferred Funds to K.Gallegos Debtor was insolvent or became insolvent as a result of the transfer or Debtor intended to incur or believed he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

68.     Accordingly, the transfer of the $100,000.00 of the Transferred Funds to K.Gallegos is avoidable and should be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

/ / /

1848744

**TENTH CAUSE OF ACTION**

**(Recovery of Avoided Fraudulent Transfer – Constructive Fraud**

**as Against Defendant Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 550]**

69.     Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 9, 22 through 27, and 65 through 68 as if fully set forth herein.

70.     The transfer of $100,000.00 of the Transferred Funds by Debtor to K.Gallegos was made without reasonably equivalent value at a time when the Debtor was either insolvent or became insolvent as a result of the transfer or at a time when Debtor intended to incur or believed he would incur debts he would be unable to pay as they matured and therefore is an avoidable transfer.

71.     The Court should issue an order that the $100,000.00 of the Transferred Funds transferred to K.Gallegos be recovered by the Trustee for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550.

**ELEVENTH CAUSE OF ACTION**

**(Avoidance of Fraudulent Transfer – Actual Fraud**

**as Against Defendants Mark Izquierdo-Gallegos and Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 544 and Cal. Civ. Code § 3439.01 et seq.]**

72.     Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 15 as if fully set forth herein.

73.     On or about February 4, 2015, Debtor transferred to K.Gallegos and M.Gallegos the Transferred Property with the intent to hinder, delay or defraud the Debtor's creditors.

74.     Accordingly, the transfer of the Transferred Property to K.Gallegos and M.Gallegos is avoidable and should be avoided pursuant to 11 U.S.C. § 544 and Cal. Civ. Code §3439.01 et seq.

**TWELFTH CAUSE OF ACTION**

**(Recovery of Avoided Fraudulent Transfer – Actual Fraud**

**as Against Defendants Mark Izquierdo-Gallegos and Kathryn Izquierdo-Gallegos only)**

**[11 U.S.C. § 550 and Cal. Civ. Code § 3439.01 et seq.]**

75.     Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1

1848744

through 15, and 72 through 74 as if fully set forth herein.

76.    The transfer of the Transferred Property by Debtor to K.Gallegos and M.Gallegos was an avoidable transfer made with the intent to hinder, delay or defraud creditors of the Debtor.

77.    The Court should issue an order that the Transferred Property transferred to K.Gallegos and M.Gallegos be recovered by the Trustee for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550 and Cal. Civ. Code § 3439.01 et seq.

## THIRTEENTH CAUSE OF ACTION

### (Avoidance of Fraudulent Transfer – Constructive Fraud

### as Against Defendants Mark Izquierdo-Gallegos and Kathryn Izquierdo-Gallegos only)

### [11 U.S.C. § 544 and Cal. Civ. Code § 3439.01 et seq.)]

78.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 15, as if fully set forth herein.

79.    On or about February 4, 2015, Debtor transferred to K.Gallegos and M.Gallegos the Transferred Property for no value.

80.    The transfer of the Transferred Property occurred at a time when the Debtor was either insolvent or became insolvent as a result of the transfer or at a time when Debtor intended to incur or believed he would incur debts he would be unable to pay as they matured and therefore is an avoidable transfer.

81.    Accordingly, the transfer of the Transferred Property to K.Gallegos and M.Gallegos is avoidable and should be avoided pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.01 et seq.).

## FOURTEENTH CAUSE OF ACTION

### (Recovery of Avoided Fraudulent Transfer – Constructive Fraud

### as Against Defendants Mark Izquierdo-Gallegos and Kathryn Izquierdo-Gallegos only)

### [11 U.S.C. § 550 and Cal. Civ. Code § 3439.01 et seq.]

82.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 15, and 78 through 81 as if fully set forth herein.

83.    The transfer of the Transferred Property by Debtor to M.Gallegos and K.Gallegos

was made without reasonably equivalent value at a time when the Debtor was either insolvent or became insolvent as a result of the transfer or at a time when Debtor intended to incur or believed he would incur debts he would be unable to pay as they matured and therefore is an avoidable transfer.

84.    The Court should issue an order that the Transferred Property transferred to M.Gallegos and K.Gallegos be recovered by the Trustee for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550 and Cal. Civ. Code § 3439.01, *et seq.*

**FIFTEENTH CAUSE OF ACTION**

**(Unjust Enrichment as against Debtor, K.Gallegos and M.Gallegos)**

85.    Plaintiff repeats and realleges each of the allegations set forth above in paragraphs 1 through 27 as if fully set forth herein.

86.    Debtor has transferred title to the Transferred Property to Defendants M.Gallegos and K.Gallegos as trustees of the Lupe Trust.

87.    Debtor is the father of Defendants M.Gallegos and K.Gallegos.

88.    The Transferred Property together with the Transferred Funds constitute the entirety of Debtor's non-exempt assets.

89.    Debtor continues to reside at the Transferred Property without paying rent or other remuneration.

90.    As a result of the transfer of title to the Transferred Property, creditors of Debtor are unable to collect on debts owed to them.

91.    As a result of the transfer of title to the Transferred Property by Debtor to Defendants, the Defendants have been unjustly enriched to the detriment of Debtor's creditors.

92.    Debtor transferred the Transferred Funds to Defendants for no value.

93.    As a result of the transfer of the Transferred Funds, creditors of Debtor are unable to collect on debts owed to them.

94.    As a result of the transfer of the Transferred Funds by Debtor to Defendants, the Defendants have been unjustly enriched to the detriment of Debtor's creditors.

/ / /

/ / /

1848744

WHEREFORE, Plaintiff prays as follows:

**AS TO THE FIRST AND SECOND CAUSES OF ACTION:**

1.      That Defendants be ordered to turn over to the Trustee that portion of the Transferred Funds necessary to pay the debts of Debtor and the costs incurred by Trustee for the administration of the Estate;

2.      For costs of suit; and

3.      For any further or other relief the Court deems just and appropriate.

**AS TO THE THIRD AND FOURTH CAUSES OF ACTION:**

4.      That the transfer of the $100,000.00 of the Transferred Funds by Debtor to M.Gallegos be avoided as a fraudulent transfer and recovered by Trustee for the benefit of the Debtor's bankruptcy Estate and its creditors;

5.      For costs of suit; and

6.      For any further or other relief the Court deems just and appropriate.

**AS TO THE FIFTH AND SIXTH CAUSES OF ACTION:**

7.      That the transfer of the $100,000.00 of the Transferred Funds by Debtor to K.Gallegos be avoided as a fraudulent transfer and recovered by Trustee for the benefit of the Debtor's bankruptcy Estate and its creditors;

8.      For costs of suit; and

9.      For any further or other relief the Court deems just and appropriate.

**AS TO THE SEVENTH AND EIGHTH CAUSES OF ACTION**

10.     That the transfer of the $100,000.00 of the Transferred Funds by Debtor to M.Gallegos be avoided as a fraudulent transfer and recovered by Trustee for the benefit of the Debtor's bankruptcy Estate and its creditors;

11.     For costs of suit; and

12.     For any further or other relief the Court deems just and appropriate.

**AS TO THE NINTH AND TENTH CAUSES OF ACTION:**

13.     That the transfer of the $100,000.00 of the Transferred Funds by Debtor to K.Gallegos be avoided as a fraudulent transfer and recovered by Trustee for the benefit of the

1848744

Debtor's bankruptcy Estate and its creditors;

14.    For costs of suit; and

15.    For any further or other relief the Court deems just and appropriate.

**AS TO THE ELEVENTH AND TWELFTH CAUSES OF ACTION**

16.    That the transfer of the Transferred Property by Debtor to M.Gallegos and K.Gallegos be avoided as a fraudulent transfer and recovered by Trustee for the benefit of the Debtor's bankruptcy Estate and its creditors;

17.    For costs of suit; and

18.    For any further or other relief the Court deems just and appropriate.

**AS TO THE THIRTEENTH AND FOURTEENTH CAUSES OF ACTION**

19.    That the transfer of the Transferred Property by Debtor to M.Gallegos and K.Gallegos be avoided as a fraudulent transfer and recovered by Trustee for the benefit of the Debtor's bankruptcy Estate and its creditors;

20.    For costs of suit; and

21.    For any further or other relief the Court deems just and appropriate

**AS TO THE FIFTEENTH CAUSE OF ACTION:**

22.    That the Court find that M.Gallegos and K.Gallegos have been unjustly enriched by the transfer of the Transferred Funds to the detriment of Debtor's creditors;

23.    That the Court order M.Gallegos and K.Gallegos to return a sufficient portion of the Transferred Funds to Trustee to pay the scheduled debts of Debtor and the costs of administration for Debtor's Estate incurred by Trustee;

24.    For costs of suit;

25.    For any further or other relief the Court deems just and appropriate.

DATED: September 25, 2017                    BRUTZKUS GUBNER


By:____/s/ Reagan E. Boyce_____
                    Reagan E. Boyce
Attorneys for Sam S. Leslie, Chapter 7 Trustee

15

# EXHIBIT "1"


**Bank of America**

# ☐

Capture Date: 09/28/2015 Sequence #: 9792817569

**RUBEN GALLEGOS**
**19607 E. VEGA WAY**
**ROWLAND HEIGHTS, CA 91748-4918**

**184**
11-35/1210 CA
70717

9/26/2015
Date

Pay To The
Order Of  MARK IZQUEDO LIVING TRUST        $ 100,000

ONE HUNDRED THOUSAND DOLLARS        Dollars

**Bank of America**

ACH R/T 121008958

For  TRUST Acct for Mark

⑈121  ☐184

Harland Clarke

244☐

No Electronic Endorsements Found

# EXHIBIT "2"

# *#*. 12.



**Capture Date: 09/28/2015 Sequence #: 9792821053**

**RUBEN GALLEGOS**
**19007 E. VEGA WAY**
**ROWLAND HEIGHTS, CA 91748-4918**

185
11-35/1210 CA
7077

9-26-2015
Date

Pay To The
Order Of _KATHRYN IZQUIERDO GALLEGOS Living Trust_ | $ 100,000

_ONE HUNDRED THOUSAND_ Dollars

**Bank of America**
ACH R/T 121000358

For _Trust for Kathryn_

⑆1210 ██████ 0185

Named Clerts

244 ██████

No Electronic Endorsements Found

# EXHIBIT "3"



**This page is part of your document - DO NOT DISCARD**



# 20150192720

Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/23/15 AT 09:04AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



**L E A D S H E E T**



201502232820022

**00010196492**



006661201

**SEQ:
02**

**DAR - Mail (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

E489071

*2*

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

MARK IZQUIERDO
KATHRYN IZQUIERDO-GALLEGOS
19607 E. VEGA WAY
ROWLAND HEIGHTS, CA. 91748



02/23/2015
*20150192720*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

MAIL TAX STATEMENTS TO:

DOCUMENTARY TRANSFER TAX $NONE/NO CONSIDERATION$

…Computed on the consideration or value of property conveyed or
…Computed on the consideration or value less liens or
encumbrances remaining at time of sale

SAME AS ABOVE

THIS CONVEYANCE TRANSFERS GRANTOR(S) INTEREST INTO
OR OUT OF HIS/HER/THEIR REVOCABLE TRUST R&T 11930
Signature of Declarant or Agent determining tax – United Estate Planning
THE UNDERSIGNED GRANTOR(S) HEREBY DECLARE

## GRANT DEED

Prepared By: United Estate Planning, Inc.

Christa Penrod

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged, RUBEN CASTANEDA GALLEGOS
(PARENT) does hereby Grant(s) to MARK IZQUIERDO-GALLEGOS A.K.A. MARK IZQUIERDO (SON) AND KATHRYN
IZQUIERDO-GALLEGOS (DAUGHTER), AS TRUSTEES OF THE LUPE FAMILY TRUST DATED FEBRUARY 4, 2015,
the real property in the City of Rowland Heights, County of Los Angeles, State of California, described as follows:

LOT 42 OF TRACT No. 35618 AS SHOWN BY MAP RECORDED IN BOOK 1059, PAGES 33 THROUGH 35 INCLUSIVE
OF MAPS, AS PER THE OFFICIAL RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 8269-045-018
COMMONLY KNOWN AS: 19607 E. VEGA WAY, ROWLAND HEIGHTS, CA. 91748

Dated: February 4, 2015

*Ruben Castaneda Gallegos*

RUBEN CASTANEDA GALLEGOS

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF CALIFORNIA          )
                             )SS
COUNTY OF LOS ANGELES        )

ON _____ FEBRUARY 4, 2015 _____, BEFORE ME _____ TRACY GREER _____, A NOTARY PUBLIC
PERSONALLY APPEARED RUBEN CASTANEDA GALLEGOS WHO PROVED TO ME ON THE BASIS OF SATISFACTORY
EVIDENCE TO BE THE PERSON(S) WHOSE NAME(S) IS/ARE SUBSCRIBED TO THE WITHIN INSTRUMENT AND
ACKNOWLEDGED TO ME THAT HE/SHE/THEY EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED CAPACITY(IES) AND
THAT BY HIS/HER/THEIR SIGNATURE(S) ON THE INSTRUMENT THE PERSON(S), OR THE ENTITY UPON BEHALF OF WHICH
THE PERSON(S) ACTED, EXECUTED THE INSTRUMENT.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING
PARAGRAPH IS TRUE AND CORRECT.

WITNESS MY HAND AND OFFICIAL SEAL,

_____
NOTARY PUBLIC

TRACY GREER
Commission # 2054252
Notary Public - California
Orange County
My Comm. Expires Jan 31, 2018

# EXHIBIT "4"

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP

YOUR COUNSEL MATTERS®
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9099 Fax
www.bg.law

Reagan E. Boyce
(818) 827-9259 Direct
(818) 827-9049 Direct Fax
rboyce@bg.law

September 7, 2017

**VIA OVERNIGHT DELIVERY**

Ruben Castaneda Gallegos
19607 Vega Way
Rowland Heights, CA 91748

Re:      In re Ruben Castaneda Gallegos, 2:17-bk-13130-VZ
         Our File No. 3641.003

Dear Mr. Gallegos:

Our office represents the Chapter 7 Trustee, Mr. Sam Leslie, in relation to your bankruptcy case. This letter is a formal demand to you to return to the bankruptcy estate sufficient funds or property that was transferred pre-petition, in an amount sufficient to pay your creditors in full, plus the Chapter 7 Trustee's administrative costs, including retained professional fees. **The amount required to be turned over to the Trustee is $98,800.00.**

After reviewing your responses from the 341(a) meeting of creditors and the documents that you have provided, the Trustee has determined that certain assets that you transferred to your children, Mark Izquierdo-Gallegos and Kathryn Nicole Izquierdo-Gallegos, specifically your residence and the $200,000.00 in cash funds, were transferred in violation of 11 U.S.C. § 548, and/or applicable California law. The Bankruptcy Code provides that a transfer intended to hinder, delay, or defraud creditors, or a transfer that is not for a reasonably equivalent value with the result that the transferor (you) are unable to pay your debts as they become due, may be avoided, and the property or funds transferred may be "clawed back" to the bankruptcy estate to pay your creditors.

In short, by transferring both your home and the $200,000.00 cash to your children prior to filing for bankruptcy, you left yourself in a position unable to pay your debts as they became due. Therefore, the assets you transferred to your children must be returned to your bankruptcy estate in an amount sufficient to pay your creditors and the costs incurred by the Trustee to administer your case.

1838338

**BRUTZKUS GUBNER**

Brutzkus Gubner Rozansky Seror Weber LLP

YOUR COUNSEL MATTERS®

Ruben Castaneda Gallegos
September 7, 2017
Page 2

The Chapter 7 Trustee is offering you a choice of which asset you want to return to the bankruptcy estate– the house, which will then be sold, or sufficient cash to pay your creditors, plus the costs incurred to administer your estate. It appears from the documents you provided that the trusts that were created for your children are revocable, and that you and/or the children are the current trustees for these trusts. Therefore, it should be a simple matter for you to withdraw sufficient funds from the trusts and return the funds to the Trustee for payment of your creditors.

Your petition, schedules, and statements reflect creditors holding debts in the total amount of $57,835.76. The Trustee's estimated costs to complete his administration of the estate and pay all costs incurred, including his retained professionals' fees is approximately $41,000.00 Therefore, you will need to make arrangements to turn over to the Chapter 7 Trustee funds or property totaling $98,800.00. In the event that the amount necessary to pay all creditors and the administrative costs of the estate is less than the $98,800.00 demanded, the balance will be returned to you. **If you do not comply with the Trustee's demand for turnover, the Trustee will have no choice but to file a lawsuit against you and your children for return of the bankruptcy estate property.** In the event the Trustee has to commence litigation, the Trustee's professional fees will greatly increase, in excess of $50,000.00, which you will ultimately have to pay upon entry of judgment and/or order for turnover. Therefore, it is in your interest to comply with the Trustee's demand immediately, to avoid the incurrence of additional administrative costs.

**You have until September 14, 2017 to respond to this demand.** Please contact my office to discuss the return of funds. If you fail to timely respond to this demand for turnover, the Chapter 7 Trustee may commence litigation to recover sufficient money to pay your creditors.

Sincerely,

REAGAN E. BOYCE

RBX:td
cc:    Sam Leslie, Chapter 7 Trustee

1838338

# EXHIBIT "5"

**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9099 Fax
www.bg.law

Reagan E. Boyce
(818) 827-9259 Direct
(818) 827-9049 Direct Fax
rboyce@bg.law

## SECOND AND FINAL DEMAND

September 18, 2017

**VIA OVERNIGHT DELIVERY**

Ruben Castaneda Gallegos
19607 Vega Way
Rowland Heights, CA 91748

> **Re:**    **In re Ruben Castaneda Gallegos, 2:17-bk-13130-VZ**
> **Our File No. 3641.003**

Dear Mr. Gallegos:

Our office represents the Chapter 7 Trustee, Mr. Sam Leslie, in relation to your bankruptcy case. This is a **second and final demand** for your compliance with the Chapter 7 Trustee's demand that you return to the bankruptcy estate sufficient funds to pay your creditors and the costs of administration of the estate. **The amount required to be turned over to the Trustee is $98,800.00.**

After reviewing your responses from the 341(a) meeting of creditors and the documents that you have provided, the Trustee has determined that certain assets that you transferred to your children, Mark Izquierdo-Gallegos and Kathryn Nicole Izquierdo-Gallegos, specifically your residence and the $200,000.00 in cash funds, were transferred in violation of 11 U.S.C. § 548, and/or applicable California law. The Bankruptcy Code provides that a transfer intended to hinder, delay, or defraud creditors, or a transfer that is not for a reasonably equivalent value with the result that the transferor (you) are unable to pay your debts as they become due, may be avoided, and the property or funds transferred may be "clawed back" to the bankruptcy estate to pay your creditors.

In short, by transferring both your home and the $200,000.00 cash to your children prior to filing for bankruptcy, you left yourself in a position unable to pay your debts as they became due. Therefore, the assets you transferred to your children must be returned to your bankruptcy estate in an amount sufficient to pay your creditors and the costs incurred by the Trustee to administer your case.

1847245



**BRUTZKUS GUBNER**
Brutzkus Gubner Rozansky Seror Weber LLP
YOUR COUNSEL MATTERS®

September 18, 2017
Page 2

The Chapter 7 Trustee is offering you a choice of which asset you want to return to the bankruptcy estate– the house, which will then be sold, or sufficient cash to pay your creditors, plus the costs incurred to administer your estate. It appears from the documents you provided that the trusts that were created for your children are revocable, and that you and/or the children are the current trustees for these trusts. Therefore, it should be a simple matter for you to withdraw sufficient funds from the trusts and return the funds to the Trustee for payment of your creditors.

Your petition, schedules, and statements reflect creditors holding debts in the total amount of $57,835.76. The Trustee's estimated costs to complete his administration of the estate and pay all costs incurred, including his retained professionals' fees is approximately $41,000.00. Therefore, you will need to make arrangements to turn over to the Chapter 7 Trustee funds or property totaling $98,800.00. In the event that the amount necessary to pay all creditors and the administrative costs of the estate is less than the $98,800.00 demanded, the balance will be returned to you. **If you do not comply with the Trustee's demand for turnover, the Trustee will file a lawsuit against you and your children for return of these funds.** In the event the Trustee has to commence litigation, the Trustee's professional fees will greatly increase, in excess of an additional $50,000.00, which you will ultimately have to pay upon entry of judgment and/or order for turnover. Therefore, it is in your interest to comply with the Trustee's demand immediately, to avoid the incurrence of additional administrative costs.

**You have until September 22, 2017 to respond to this demand.** If you fail to respond to this letter, the Trustee will file a complaint against you and your children to recover these assets in order to pay your creditors. Please contact my office immediately to discuss the return of funds.

Sincerely,

REAGAN E. BOYCE

RBX:td
cc:   Sam Leslie, Chapter 7 Trustee

1847245

28

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>SAM S. LESLIE, Chapter 7 Trustee | **DEFENDANTS**<br>RUBEN CASTANEDA GALLEGOS, an individual; MARK IZQUIERDO-GALLEGOS, an individual; and KATHRYN NICOLE IZQUIERDO-GALLEGOS, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DAVID SEROR and REAGAN E. BOYCE<br>Brutzkus Gubner    Tel: 818-827-9000<br>21650 Oxnard St., Ste. 500, Woodland Hills, CA 91367 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1) Avoidance of Fraudulent Transfer; 2) Recovery of Fraudulent Transfer; 3) Turnover of Estate Property; and 4) Unjust Enrichment     [11 U.S.C. Sections 550, 548, 544, 542 and applicable California law]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $98,800.00 |

Other Relief Sought        Costs of Suit

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ruben Castaneda Gallegos | BANKRUPTCY CASE NO.<br>2:17-bk-13130-VZ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Vincent P. Zurzolo |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>September 25, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DAVID SEROR | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID SEROR - Bar No. 67488<br>REAGAN E. BOYCE - Bar No. 248064<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: dseror@bg.law<br>        rboyce@bg.law<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>RUBEN CASTANEDA GALLEGOS,<br><br><br><br><br>                                        Debtor(s). | CASE NO.: 2:17-bk-13130-VZ<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| SAM S. LESLIE, Chapter 7 Trustee,<br><br><br><br>                                        Plaintiff(s)<br><br>         Versus<br><br>RUBEN CASTANEDA GALLEGOS, an individual; MARK IZQUIERDO-GALLEGOS, an individual; and KATHRYN NICOLE IZQUIERDO-GALLEGOS, an individual,<br><br>                                        Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
_Date_                _Printed Name_                        _Signature_

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.